UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, a Kansas corporation, and FARMERS CROP INSURANCE ALLIANCE, INC., a Kansas corporation,<br><br>          Plaintiffs,<br><br>    v.<br><br>POCO, LLC, a Washington limited liability company, and OLSEN AG, INC., a Washington corporation,<br><br>          Defendants. | No. CV-05-5063-FVS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION |

**BEFORE THE COURT** is the Defendants' Motion to Dismiss/Compel Arbitration, Ct. Rec. 5.  The Defendants are represented by John Schultz an George Fearing.  The Plaintiffs are represented by John Raekes.

**I.  BACKGROUND**

The Defendants are potato farmers in the Columbia Basin area. They purchased a crop insurance policy for the 2004 crop year from the Plaintiffs.  This policy was reinsured by the Federal Crop Insurance Corporation ("FCIC")[1] under the provisions of the Federal

---

[1] The FCIC is a wholly-owned government corporation within the Department of Agriculture.  7 U.S.C. § 1503; *see also Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 667 (9th Cir 1993).  The FCIC insures farmers directly and reinsures private companies to insure farmers.  7 U.S.C. § 1508(a).

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 1

Crop Insurance Act ("FCIA"), 7 U.S.C. § 1501, et seq.  The pertinent policy provisions included the Common Crop Insurance Policy, the Northern Potato Crop Provisions, and the Northern Potato Crop Insurance Processing Quality Endorsement.  Paragraph 20(a) of the Common Crop Insurance Policy[2] provides for arbitration of certain disputes.  It provides, in pertinent part:

> 20. Arbitration, Appeals, and Administrative Review
>     (a) If you and we fail to agree on any factual determination made by us, the disagreement will be resolved in accordance with the rules of the American Arbitration Association ....

The Northern Potato Crop Provisions required the Defendants to have in place a "processor contract" with a potato "processor."  The policy does not define "processor" but it defines "processor contract" as follows:

> Definitions.
> Processor contract – A written agreement between the producer and a processor, containing at a minimum:
> (a) The producer's commitment to plant and grow potatoes, and to deliver the potato production to the processor;
> (b) The processor's commitment to purchase the production stated in the contract; and
> (c) A price that will be paid to the producer for the production guarantee stated in the contract.

Pursuant to the terms of their policy, the Defendants marketed their potatoes each year under contracts executed with Tri Cities Produce.[3]  When the Defendants suffered losses to their 2004 potato crops, they submitted a claim under their policy.  During the process

---

[2] The terms and conditions of this policy are published in the Federal Register and codified in chapter IV of title 7 of the Code of Federal Regulations (CFR) at 7 CFR § 457.8.

[3] The contracts are entitled the Tri Cities Produce Potato Processing Agreement.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 2

of adjusting the Defendants' claims, Plaintiffs came to the conclusion that Tri Cities Produce "does not actually process potatoes, and is incapable of processing potatoes at any facility it owns or operates[.]" Complaint, ¶ 18(a). Plaintiffs further concluded that Tri Cities Produce "is primarily engaged in the business of fresh packing and storing potatoes" rather than processing potatoes. Complaint, ¶ 18(b). Plaintiffs also concluded that Tri Cities Produce has third-party contracts with licensed potato processors and Tri Cities only resells for processing those potatoes that meet the terms of its third-party contracts. Complaint, ¶ 18(c).

Based on these conclusions, the FCIC advised Plaintiffs that Defendants' contracts with Tri Cities Produce did not constitute "processing contracts" because Tri Cities Produce was not a "processor." Consequently, Plaintiffs declined to pay the Defendants' claims. If Tri Cities Produce is a "processor" and the Defendants' contracts with Tri Cities Produce are "processing contracts", Defendants' potatoes have a higher insurable value than if Tri Cities Produce is not considered a processor.[4]

Plaintiffs filed this action for declaratory judgment under 28 U.S.C. § 2201 for the purpose of determining the meaning of the terms and conditions of the Defendants' insurance policy. Complaint, ¶ 1.

---

[4] If the Defendants do not have a "processing contract" with a "potato processor", their losses will be computed under paragraph 4 of the Northern Potato Crop Insurance Quality Endorsement, instead of paragraph 6 of the Northern Potato Crop Insurance Processing Quality Endorsement.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 3

Specifically, Plaintiffs want the Court to determine whether the Defendants' contracts with Tri Cities Produce constitute "processing contracts" pursuant to the terms of the policy. Defendants move to dismiss this action, or in the alternative, compel the Plaintiffs to submit this matter to arbitration pursuant to paragraph 20(a) of the Common Crop Insurance Policy. Defendants also request costs and fees.

**II.  JURISDICTION**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1331 (federal question). The parties do not contest jurisdiction or venue.

**III. DISCUSSION**

***A.    Arbitration***

Defendants argue the issue of whether their contracts with Tri Cities Produce qualify as "processing contracts" with a potato "processor" is a factual determination governed by the arbitration clause in their policy. On the other hand, Plaintiffs argue that because the policy does not define "processor", the determination of whether Tri Cities Produce is a potato processor involves the interpretation of the language of the policy's provisions and is therefore a question of law, which does not fall within the scope of the arbitration clause.

While Plaintiffs frame the issue as a legal question involving the interpretation of an undefined term in the policy, in effect, the reasons for denying Defendants' claims were based on several factual determinations: (1) Tri Cities Produce is engaged in the business of

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 4

fresh packing and storing potatoes; (2) Tri Cities has third-party contracts with potato processors; (3) Tri Cities is incapable of processing potatoes at its facilities because it owns no processing equipment. These are factual, not legal determinations.

Although it appears the Defendants dispute these facts, the Court can cannot determine with certainty whether the Defendants dispute these factual determinations made by Plaintiffs because the Defendants have not filed an Answer to Plaintiff's Complaint. Plaintiffs contend that if these facts are not in dispute, only legal questions remain. In the alternative, Plaintiffs argue that if the facts are in dispute, any arbitration should be limited to a resolution of the pertinent facts, but the Court should retain jurisdiction to resolve any interpretation issues.

The Court disagrees that the reason offered by Plaintiffs for refusing to finalize Defendants' claims involves *only* the legal effect of certain undisputed facts, and not actual factual determinations because, as detailed above, the reasons for denying Defendants' claims were based on several factual determinations with regard to the definition of "processor." Further, except for the dispute concerning the definition of a processor, the Agreement satisfies the three requirements of a "processor contract." Therefore, the Court determines that pursuant to paragraph 20(a) of the Common Crop Insurance Policy, this case should be submitted to arbitration. This conclusion is consistent with other federal decisions wherein the court interpreted the proffered reasons for denial of payment as presenting purely factual determinations, not

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 5

legal questions. *See e.g., Ledford Farms, Inc. v. Fireman's Fund Ins. Co.*, 184 F.Supp.2d 1242 (S.D.Fla. 2001) (interpreting "practical to replant" to be a factual determination and requiring the parties to resolve their dispute through arbitration); *Nobles v. Rural Cmty. Ins. Servs.*, 122 F.Supp.2d 1290 (M.D.Ala. 2000) (finding whether insured lands have been harvested within required period of time constitutes a factual determination and compelling arbitration).

### B.  *Attorney Fees*

Defendants rely solely on the following passage from *Olympic Steamship v. Centennial Insurance*, 117 Wn.2d 37, 53, 811 P.2d 673, 681 (1991), to support their request for attorney fees and costs.

> ...we believe that an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain fully the benefit of his insurance contract....

*Olympic Steamship*, 117 Wn.2d at 53, 811 P.2d at 681.

In *Olympic Steamship*, the Court affirmed an award of attorney fees and costs to the insured.  However, *Olympic Steamship* is not controlling of the issue before the Court for two reasons.  First, the decision in *Olympic Steamship* was controlled by state law, while the policy at issue in this case was issued under the authority of the Federal Crop Insurance Act, which specifically provides for federal preemption of state and local rules, regulations and statutes that conflict with the policy provisions.  Second, in *Olympic Steamship*, the trial court awarded attorney fees and costs to the insured pursuant to a specific provision within the insurance policy. Here, the policy at issue specifically precludes an award of attorney fees and costs.  The policy state, in pertinent part:

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 6


```
       25.  Legal Action Against Us.
            ...
            (c)  Your right to recover damages ... attorney fees,
                 or other charges is limited or excluded by this
                 contract or by Federal Regulation.

       26.  Payment and Interest Limitations.
            (a)  Under no circumstances will we be liable for the
                 payment of damages ... attorney's fees, or other
                 charges in connection with any claim for
                 indemnity, whether we approve or disapprove such
                 claim.

       31.  Applicability of State and Local Statutes.
            If the provisions of this policy conflict with the
            statutes of the State or locality in which this policy
            is issued, the policy provisions will prevail. State
            and local laws and regulations in conflict with
            Federal Statutes, this policy, and the applicable
            regulations do not apply to this policy.
```

Common Crop Insurance Policy, p. 1-18 of 20; 7 C.F.R. § 457.8.

For these reasons, the Court denies the Defendants' request for attorney fees and costs. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss/Compel Arbitration, **Ct. Rec. 5,** is **GRANTED IN PART AND DENIED IN PART**. The parties **shall submit this matter to arbitration** and the case shall be **STAYED** pending the outcome of that arbitration.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, and **STAY THIS CASE.**

**DATED** this 23rd day of August, 2005.

                         s/ Fred Van Sickle
                         Fred Van Sickle
                    United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 7